```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

```
_____
                                     )
ADMIRAL INSURANCE COMPANY,           )
                                     )
                Plaintiff,           )
                                     )     Civil Action
v.                                   )     No. 21-10388-PBS
                                     )
TOCCI BUILDING CORPORATION, TOCCI    )
RESIDENTIAL LLC, AND JOHN L. TOCCI,  )
SR.,                                 )
                                     )
                Defendants.          )
_____)
```

**MEMORANDUM AND ORDER**

September 3, 2021

Saris, D.J.

**INTRODUCTION**

Plaintiff Admiral Insurance Company ("Admiral") seeks a declaration that it is not obligated to defend or indemnify defendants Tocci Building Corporation, Tocci Residential LLC, and John L. Tocci, Sr. (collectively "Tocci" or "defendant") in three construction actions under its policies of commercial general liability. Admiral alleges that (1) the terms of its policies do not obligate it to defend or indemnify Tocci in the proceedings and (2) Tocci's actions with respect to the projects amount to a breach of contractual obligations.

On April 19, 2021, Tocci filed the current motion to dismiss Admiral's complaint in its entirety, or, in the alternative, to

1

stay this action. Tocci claims that Admiral's action for declaratory judgment should be dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19; the Colorado River Doctrine; or this Court's discretionary powers pursuant to 28 U.S.C. § 2201. Alternatively, Tocci maintains that if dismissal is not warranted, the Court should stay this action pending resolution of Tocci's declaratory judgment action to avoid piecemeal litigation.

After hearing, the Court **DENIES** the motion to dismiss or stay (Dkt. 19) as to all counts.

## FACTUAL BACKGROUND

The following facts are drawn from the complaint and must be taken as true at this juncture. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71–72 (1st Cir. 2014).

### I. Parties

Tocci Building Corporation ("Tocci Building") is a construction company incorporated and headquartered in Massachusetts. It is the first named insured under each of Admiral's liability policies subject to this motion.

Tocci Residential LLC ("Tocci Residential") is a Massachusetts-based limited liability company and an affiliate of Tocci Building. Its sole member is John L. Tocci, Sr ("John Tocci"). John Tocci is an individual who resides in Massachusetts. He is the President, Treasurer, and Director of Tocci Building,

and Manager of Tocci Residential. Tocci Building, Tocci Residential, and John Tocci have each been named as defendants in the three construction actions at issue in this insurance coverage dispute.[1]

Admiral is an insurance company incorporated in Delaware and headquartered in Arizona. Between October 2012 and October 2020, Admiral issued policies of primary commercial general liability insurance to Tocci ("Policies").

## II.   The Toll Action

In December 2013, Toll JM EM Residential Urban Renewal LLC ("Toll") and Tocci entered into a Construction Management Agreement ("CM Agreement"). In that agreement, Tocci agreed to provide Toll with pre-construction and construction services for its apartment complex project in New Jersey. On February 5, 2016, Toll declared Tocci to be in default under the CM Agreement after alleging that "Tocci's poor planning, gross mismanagement and significant workmanship issues led to significant delays and other issues with the work." Dkt. 1 at 6. On March 2, 2016, Toll terminated Tocci.

On July 20, 2016, Toll filed suit against Tocci in New Jersey Superior Court ("Toll Action"). On September 7, 2016, the suit was removed to federal court.

---

[1] The BHID action is not at issue in the current proceeding.

Tocci initially elected to defend itself; it did not notify Admiral or ask it to participate in the action. In June 2016 and October 2019, Tocci participated in mediation of the Toll Action without Admiral's knowledge.

On January 9, 2020, Tocci notified Admiral of the Toll Action. On March 17, 2020, Admiral disclaimed coverage.

### III. **The Connell Counterclaim**

Beginning in January 2015, Connell Hospitality LLC ("Connell") and Tocci entered into a series of connected agreements (collectively "Connell Agreements"). In the agreements, Tocci agreed to provide construction services to Connell and build a hotel, restaurant, and coffee shop on its property in New Jersey. On February 22, 2017 — after alleging that "Tocci's gross incompetence and reckless mismanagement led to delays and other issues with the work" – Connell issued a Notice of Termination to Tocci. Dkt. 1 at 8–9 (internal quotations omitted).

On May 12, 2017, Tocci filed for arbitration ("Connell Action"). Within the year, Connell responded and asserted a counterclaim in the proceeding ("Connell Counterclaim"). Tocci did not immediately tender the Connell Counterclaim to Admiral. Instead, when Admiral became aware of the Connell Action, Tocci disavowed any intention to seek coverage.

On January 28, 2020, Tocci notified Admiral that it was seeking coverage for the claims in the Connell Action and Connell

4

Counterclaim. On July 17, 2020, Admiral disclaimed coverage.

**IV.   The BHID Counterclaim**

In October 2016, Boston Harbor Industrial Development LLC ("BHID") and Tocci entered into an agreement ("BHID Agreement"). In that agreement, Tocci agreed to serve as the general contractor for the renovation of an office building in Boston, Massachusetts. On July 13, 2018, BHID's manager, IRIV Partners, LLC ("IRIV"), sent Tocci a Notice of Default "based on Tocci's alleged failure to 'satisfactorily maintain the approved schedule.'" Dkt. 1 at 11.

In February 2019, Tocci filed a complaint against BHID and IRIV ("BHID Action"). Tocci elected to represent itself without Admiral's knowledge or participation.

Later that year, Tocci participated in a mediation of the BHID Action without notifying Admiral or giving it an opportunity to participate. On January 2, 2020, BHID and IRIV filed a counterclaim against Tocci ("BHID Counterclaim").

On January 23, 2020, Tocci notified Admiral of the BHID Action and BHID Counterclaim. On August 6, 2020, Admiral disclaimed coverage.

Tocci has since communicated to Admiral by email that it has withdrawn its tender for the BHID Counterclaim.

**V.   The Admiral Declaratory Judgment**

On March 5, 2021, Admiral filed the present action for declaratory judgment and related relief in this Court ("Admiral

DJ"), seeking a determination that Admiral is not obligated to defend or indemnify Tocci in the Toll Action, Connell Counterclaim, or BHID Counterclaim. Admiral additionally claims that Tocci's actions with respect to the projects amount to a breach of contractual obligations.

## VI. The Tocci Declaratory Judgment

On March 9, 2021, four days after Admiral filed the Admiral DJ, Tocci commenced a declaratory judgment action in New Jersey state court ("Tocci DJ"). In the Tocci DJ, Tocci seeks a declaration that its excess insurers, subcontractors' insurers ("Toll and Connell Additional Insurers" or "Additional Insurers"), and Admiral are obligated to defend and indemnify Tocci against the Toll Action and/or Connell Counterclaim. Tocci did not include the BHID Counterclaim in the Tocci DJ.

## DISCUSSION

## I. Motion to Dismiss Under 12(b)(7)

### A. Legal Standard

"Dismissal under Rule 12(b)(7) is governed by Rule 19 of the Federal Rules of Civil Procedure." Raytheon Co. v. Continental Cas. Co., 123 F. Supp. 2d 22, 32 (D. Mass. 2000). "[T]he moving party carries the burden of showing why an absent party should be joined." Id.

Under Rule 19(a), persons required to be joined if feasible include:

>     (1) . . . A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>         (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>         (B) that person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may:
>             (i) as a practical matter impair or impede the person's ability to protect the interest; or
>             (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest . . .

Fed. R. Civ. P. 19(a)

Factors relevant to the 19(b) analysis include:

>     (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>     (2) the extent to which any prejudice could be lessened or avoided by:
>         (A) protective provisions in the judgment;
>         (B) shaping the relief; or
>         (C) other measures;
>     (3) whether a judgment rendered in the person's absence would be adequate; and
>     (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Determining whether a party is required to be joined under Rule 19 is a two-step analysis. "First, Rule 19(a) is applied to determine whether the absent party is conditionally necessary and therefore to be joined if feasible. Second, if joinder of that party would destroy diversity jurisdiction, Rule 19(b) is invoked to determine whether, in equity and good conscience, the action should be dismissed because that party is indispensable."

Raytheon, 123 F. Supp. 2d at 32. The decision whether to dismiss a case "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 119 (1968).

### B. Analysis

Tocci argues that the Court cannot accord complete relief without the Additional Insurers. See Fed. R. Civ. P. 19(a)(1)(A). It contends that, "[t]o determine the priority of coverage between and among the Admiral Policies, the Toll Additional Insured Policies, and the Connell Additional Insured Policies, the Court must consider the terms of each policy and determine the rights of all of the insurers." Dkt. 57 at 10 (emphasis in original). It further explains that, "[i]f this Court determines that Admiral owes coverage to Tocci for the Toll Action and/or Connell Arbitration, but coverage is excess to the additional insured coverage available to Tocci . . ., such a finding would result in incomplete relief because Tocci would be left without a determination as to which of the Connell and/or Toll Additional Insurers owe primary coverage." Dkt. 57 at 8.

Tocci misunderstands the relief sought in the Admiral DJ. Admiral does not seek a determination on the priority of coverage between Tocci's insurers. Instead, it asks the Court to determine

8

the narrow issue of whether its Policies obligate it to defend or indemnify Tocci in the Actions. See Brown v. Am. Int'l Grp., Inc., 339 F. Supp. 2d 336, 342 (D. Mass 2004) (determining that complete relief could be granted without joinder of absent parties because the action did not seek "a general declaration of [insurer's] duties, but rather a specific determination of its duties to the Plaintiffs"). Because this involves a question of primary insurance coverage (notwithstanding the existence of an "other insurance" clause), the Court can resolve this issue and award complete relief without the participation of the Additional Insurers. See Raytheon, 123 F. Supp. 2d at 33 (citing Littleton v. Commercial Union Assurance Cos., 133 F.R.D. 159, 162 (D. Colo. 1990) for the proposition that, "even though 'other insurance' clauses may apply, each insurance contract with the primary insurer creates a separate obligation which can be construed separately in determining whether coverage applies").

Relying on Rule 19(a)(B)(i), Tocci claims that "[t]he construction and interpretation of the Admiral Policies at issue affect not only the rights of Tocci, but also the Toll Additional Insurers and the Connell Additional Insurers who may owe additional insured overage to Tocci." Dkt. 20 at 19. However, the First Circuit has noted that the hypothetical possibility that an absent party may have a future interest relating to the subject matter of the present action is insufficient to render an absentee a

necessary party. See United States v. San Juan Bay Marina, 239 F.3d 400, 406 n.6 (1st Cir. 2001); see also Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 160 (D. Mass. 2019) ("In general, a party to a contract that is not at issue in the litigation is not a necessary party, even if as a practical matter the absent party's contractual interests might be affected by the outcome of the litigation."). Significantly, the Toll and/or Connell Additional Insurers do not claim an interest in this suit. Cf. San Juan Bay Marina, 239 F.3d at 406 ("Since its decision to forgo intervention indicates that the Commonwealth does not deem its own interests substantially threatened by the litigation, the court should not second-guess this determination, at least absent special circumstances."); see also Charest v. Fed. Nat'l Mortg. Ass'n, 9 F. Supp. 3d 114, 131 (D. Mass. 2014) (finding defendant is not a required party because, among other reasons, defendant "has not claimed an interest in this suit by affidavit or otherwise").

Finally, pursuant to Rule 19(a)(1)(B)(ii), Tocci claims that if the Admiral DJ were allowed to proceed, it could result in rulings that are inconsistent with any rulings that may be rendered in the Tocci DJ concerning the rights and obligations of the relevant insurers, including Admiral. This argument fails because Rule 19(a)(1)(B)(ii) focuses on a "substantial risk" of inconsistent obligations of an existing party. See Fed. R. Civ. P.

19(a)(1)(B)(ii). Given that Admiral is not seeking pro-ration of liability, the risk that Admiral will face inconsistent obligations if this Court grants its declaratory judgment order denying coverage is not substantial. Tocci has not demonstrated anything to the contrary.

## II. The Requested Stay Doctrine

Tocci argues to dismiss or stay the Admiral DJ in favor of the Tocci DJ. This argument is not persuasive. The Colorado River Doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." Jiménez v. Rodríguez-Pagán, 597 F.3d 18, 21 (1st Cir. 2010). Under the doctrine, "a federal court may . . . consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums" to assess "the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 818 (1976) (cleaned up). However, "[o]nly the clearest of justifications will warrant dismissal." Id. at 819; accord Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56, 71 (1st Cir. 2005) ("[T]he district court's discretion whether to dismiss a case on Colorado River grounds should be heavily weighted against dismissal.").

The present action was the first filed and has progressed

further than the other action. Cf. Puzey v. BJ's Wholesale Club, Inc., 2012 WL 1114164, at *4 (D. Mass. 2012) (finding abstention warranted where the state litigation was "both first-filed and has progressed further than the" federal case). That the federal court case is farther advanced than the other case weighs against abstention. The Court therefore declines to exercise abstention.

### III. 28 U.S.C. § 2201

Tocci requests that the Court exercise its discretion under 28 U.S.C. § 2201 to dismiss or stay this action. "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial." Nat'l Union Fire Ins. Co. of Pittsburgh v. Mar. Terminal, Inc., 2015 WL 3952766, at *1 (D. Mass 2015); see also Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (noting that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act"). However, Tocci does not offer any persuasive reason for the Court to do so. The claims can be adjudicated satisfactorily without the participation of the absent parties. The Court accordingly declines to exercise its discretion under 28 U.S.C. § 2201.

### ORDER

For the reasons stated above, Tocci's motion to dismiss (Dkt. 19) Admiral's complaint in its entirety is **DENIED**.

12

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge